Allen, J.
It is objected in this case that the bond llPon- which the proceeding was had, is void on ac-of its uncertainty; or if not, and if all the oblig0rg are ■jje ^rea^e¿ ag deputy sheriffs, this proceed-^n§ cami(A be sustained, because the remedy by notice is given by the statute against the deputy and his sureties, and not against one deputy for the default of another deputy. As to the first question there would seem to be nothing in it. The bond from a deputy to the high sheriff is not a statutory obligation; no particular form is prescribed. We may conjecture from the appearance of the paper that some of the obligors signed as deputy sheriffs, and others as their sureties; or that the bond was drawn originally to be signed by certain persons appointed deputies and others as their sureties; and that the blank spaces were left to be filled up with the names of the deputies for whose acts the others intended to become responsible. However this may be, the paper was executed and delivered as a complete instrument in its present form. Certain persons are named in the penalty as obligors, though all so named do not sign the bond. The condition recites that the obligee hath this day admitted the above bound his deputies in the office of sheriff; and provides for the faithful performance of the duties of their respective offices as such deputies. There is nothing on the face of the bond to indicate that all named in the penalty were not appointed as deputies, and the obligors having sealed and delivered the bond in its present shape, are estopped from denying the fact. The notice is to Samuel Cox jr., the first person named in the penalty, and the first signer as deputy, and to the others as surviving obligors; treating the first named as principal, for whose default and misconduct in his office of deputy, the representative of the sheriff had been held liable, and proceeding against his co-obligors as sponsors for his acts. If the legal effect of their *317 undertaking be, that tbe other obligors become responsible as sureties, the notice may be maintained, although they are not expressly named as sureties in • • , bond. Deputy sheriffs have no joint interest m, or an entire authority over, the whole office; and therefore there is no case in which one is responsible for the acts of the other, merely in virtue of their offices; there is neither a joint right nor a joint responsibility, and they can only be held liable for the acts of each other in consequence of an express undertaking. As therefore they do not and cannot be made to stand as principals in respect to the acts of others, and as the bond makes them by its terms responsible for each other, each one must be regarded as principal so far as his own acts are involved, and the remaining obligors as his sureties. This is the rule laid down in the ease of Morrow v. Peyton, 8 Leigh 54, and applied to the case of administrators who have a joint and entire authority and control over the whole assets, and who it was conceded from their joint authority would be considered as principals when they united in the act or in some way participated in or sanctioned it. The case of Morrow v. Peyton it is true is in conflict with the principles announced in Kirby v. Turner, 1 Hopkins’ Ch. R. 309, in which it was held that as guardians were jointly liable for their joint acts, and each separately for his own acts, their rights were not varied by having given a joint and several bond with a surety, and that they were not by such bond made sureties for each other: the bond of all in such case being considered as the bond of each one, with a surety for the fidelity of all and each. The decision proceeds upon the ground that the bond is a statutory bond; that the law requiring a bond did not change the common law relation of the parties, and therefore that a joint and several bond must have the effect of separate bonds. In Brazier v. Clark, 5 Pick. R. 96, it was held that if two *318 executors enter into a joint and several bond, both are responsible for all acts done by either during the con-of the joint executorship. But if one died, an¿ -¿he survivor thereafter committed waste, the estate deceased executor should be held discharged. This is a modification of the principle as laid down in Kirby v. Turner.
The common law liability of each on the bond, for the acts of the other during the continuance of the joint executorship as growing out of the contract of the parties, is admitted; bnt when the survivor succeeded to the whole authority, he alone and those who were sureties for him were responsible. And this construction is given because it could not be supposed the legislature in requiring bond, intended to change the common law liabilities of the executors. To the same effect is the case of Towne v. Ammidown, 20 Pick. R. 535. All these cases are founded upon a construction of the statute requiring these bonds; it being considered that the statute did not change the legal relation of the parties; and although the terms of such a bond might literally import a different legal effect, they should be construed according to the intention of the law, and have effect according to the duties they were meant to enforce.
In Clark & wife v. Williams, 6 Gill. & John. 288, the court held that where executors give a joint and several bond they are jointly and severally responsible, each for the acts of the other. The judge, in delivering the opinion of the court, remarked that they could not adopt the anomalous character attempted to be given to the bond, treating it as the separate bond of each, in which the sureties are bound for both, but the administrators were not responsible for each other.
In Liddersdale v. Robinson, 2 Brock. R. 160, Marshall, Ch. J., decided that where an administration bond is *319 joint, one administrator is responsible for Ms coadmimstrator. And in Green v. Hanberry, 2 Brock. R. 403, the same judge held that on such a bond each was surety for the other, and liable for the whole.
The weight of authority would therefore seem to be m favor of the principle of Morrow v. Peyton, m respect to the bonds of administrators and executors. The authority of this case has been recognized and followed since in other cases determined in this court. And as the legislature has not thought proper to interfere with the rule there Maid down, although there has been a general revision of the laws since that decision, it ought not now to be considered as an open question.
But the present is a stronger case for the application of the principle than the cases referred to. The bond is a common law obligation not taken by any legal functionaries, but given upon a contract between the parties. The penalty creates a present debt defeasible by matter subsequent, and all are responsible for that debt if the condition is not performed; and it is difficult to perceive in what mode any party to the bond could defend himself in an action at law for a breach of the condition by any of the parties to it. A plea that it was not the joint bond of all would contradict the terms of the instrument. I think the obligor committing the default is liable as principal, and the co-obligors as Ms sureties ; and such being the legal effect of the bond, the high sheriff had a right to proceed by notice under the statute. Though some of the persons named in the penalty did not sign it, the parties who did sign it are to be considered as the obligors who are bound, and are recited to have been admitted as deputies j and if any have signed who are not named in the penalty, that circumstance does not vitiate the bond or discharge them from its obligation. Luster v. Middlecoff, 8 Grratt. 54 ; Berry v. Homans’ committee, 8 Gratt. 48.
*320 It is argued that no foundation was laid for the introduction of the bond as evidence because the judgagainst the high sheriff for the default of the wag no^ accompanied by the whole record; an¿ n0 pr00f Was given of the appointment of the high sheriff or his qualification, or of S. Cox as his deputy, nor of the default of the deputy.
It was not incumbent on the appellee to produce the whole record on the trial of the notice; it was sufficient to produce so* much thereof as showed that the sheriff had been subjected to a liability for the default of the deputy Cox ; White v. Clay, 7 Leigh 68; Wynn v. Harman, 5 Gratt. 157; and this sufficiently appeared upon the record of the judgment exhibited. That recited that the motion against the appellee was on a notice for the failure of Samuel Cox, deputy for Jonathan Thomas, late high sheriff, to pay over money collected on executions therein described. And although the deputy and the other obligors are not concluded by the judgment and its recitals, it is prima facie evidence against them.
The bond itself estops the obligors from denying the fact that Thomas was sheriff and Samuel Cox was deputy. 1 Greenl. Evi. § 22, 26; Rainsford v. Smith, Dyer’s R. 196 a. In Cutler v. Dickinson, 8 Pick. R. 386, a bond given by the .administrator to a judge of probat with the usual condition, was offered in evidence. It was objected to because it appeared on examining the records of the probat office, that there was no decree or other evidence of the appointment of the administrator except what resulted from the bond; and according to a case referred to in the argument, the law required probat decrees to be recorded. The court held that the obligors were estopped by the recital in the bond to deny the appointment of the administrator. So parties were estopped from denying that there was such injunction, or judgment .or decree *321 as their bond recites and describes. Allen v. Luckett, 3 J. J. Marsh. R. 165; Stockton v. Turner, 7 Id. 192; Kellar v. Becler, 4 Id. 655. In all those stances the matter recited, and which the parties were estopped by their bond from denying, ought regularly to appear of record.
It is not necessary to carry the principle in this case as far as it was done in the cases cited. If in the case of a mere statutory bond, it should be held that the authority of the officer to take it must be shown, and that the recitals would not be evidence of such fact, the bond here is a common law obligation, and no question as to the authority to take it can. arise. I think the court did not err in overruling the objection to the bond and receiving it in evidence.
Nor do I think there was any error in rendering judgment upon the facts as set out in the second bill of exceptions. It is said the notice describes a judgment as rendered by the Circuit court of Grayson on the 4th April 1846, and the judgment given in evidence does not show in what court nor at what time it was rendered. This is a mere clerical omission in copying the judgment into this record: All the proceedings were in the same court, and the judgment was read in evidence without objection. The award incorporated in the judgment, shows it was made under an order entered in the cause depending in the court described in the notice; and as the award which was made the basis of the judgment was dated on the 4th of April 1846, and appears to have been confirmed on the day it was returned, the objection does not seem to have been well founded in fact. The submission to arbitration did not destroy the right of the high sheriff to recover. The award constituted in part the evidence on which the court rendered judgment. The liability of the deputy sheriff was shown by the return on the execution, which was also' in evidence; and *322 from the face of the award it would seem that the submission was for the benefit of the deputy to enable to produce his credits. The notice to produce cre(j^s js grated to have been given to him, and those allowed were exhibited by him. The judgment therefore, in the absence of all proof to the contrary, shows that the defaulting deputy had notice of the proceeding against the representative of his principal and did attend to the defence. Upon the whole, it seems to me there is no error in the judgment of the Circuit court.
The other judges concurred in the opinion of Allen, J.
Judgment affirmed.